# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

LARRY PITCHFORD,

    Plaintiff,

v.

BANK OF HIAWASSEE and
ROBERT L. ANDERSON, III,

    Defendants.

CIVIL ACTION NO.
2:08-CV-0058-RWS

## ORDER

This case comes before the Court on Defendants' Robert L. Anderson, III, ("Anderson") and Bank of Hiawassee ("Bank") (collectively "Defendants") Motion to Dismiss [11]. After a review of the record, the Court enters the following Order.

## Background

Plaintiff Larry Pitchford, a former employee of Defendant Bank of Hiawassee, brought this action alleging a violation of the Employment Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1140, and

Georgia state law tort and contract claims. (Dkt. No. [1].) Plaintiff asserts that he was wrongfully terminated from his job as Executive Vice President of Human Resources after he inquired into a potential conflict in the Bank's 401(k) management arrangement between Defendant Anderson and Defendant Bank. (Id. at ¶1.) Plaintiff alleges that this termination constitutes a violation of the whistleblower clause of Section 510 of ERISA (count I). That provision makes it unlawful:

> to discharge . . . or discriminate against any person because he has given information . . . in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. Plaintiff further asserts a state law breach of contract claim based on the Defendant Bank's termination of Plaintiff for "cause" and refusal to pay a severance payment outlined in Plaintiff's employment agreement (count II). Plaintiff also brings a cause of action against Defendant Anderson for tortious interference of contractual (count III) and business (count IV) relations for allegedly orchestrating Plaintiff's termination to protect his arrangement with Defendant Bank. (Dkt. No. [1] at ¶¶ 81-90.) Finally, Plaintiff requests attorney's fees under O.C.G.A. § 13-6-11 (count V) and punitive damages pursuant to O.C.G.A. § 51-12-5.1 (count VI). (Id. at ¶¶ 91-95.)

2

Defendants filed a motion to dismiss regarding counts I-VI of Plaintiff's Complaint [11].

**Discussion**

Defendants move under Fed. R. Civ. P. 12(b) to dismiss Plaintiff's ERISA claim (count I) for failure to exhaust administrative remedies and to state a claim upon which relief can be granted. (Dkt. No. [12] at 4.) Defendants further move to dismiss Plaintiff's state law claims (counts II-VI) for lack of federal jurisdiction, failure to state a claim, and because they are preempted by federal law. (Id.)

**I.   Motion to Dismiss Standard**

When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted).  The United States Supreme Court has recently dispensed with the rule that a complaint may only be

3

dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II.  Defendants' Motion to Dismiss

Defendants primarily ask the Court to dismiss the ERISA claim due to Plaintiff's failure to exhaust his administrative remedies under the Bank's 401(k) Plan ("Plan") and with the Bank before filing his Complaint. (Dkt. No. [12] at 5.) In citing Mason v. Continental Group, Inc. 763 F.2d 1219 (11th Cir. 1985), *cert. denied*, 474 U.S. 1087 (1986), Defendants assert that a plaintiff must exhaust administrative remedies prior to filing a claim involving

4

violations of ERISA's statutory provisions, including 29 U.S.C. § 1140.[1] Id. at

1227. Defendants argue that the Plaintiff has failed to plead exhaustion of

administrative remedies, acknowledges this failure, and is barred from bringing

this premature claim before a federal court. (Dkt. No. [12] at 6.) Further,

Defendants assert that the "Bank offered such remedies to Plaintiff in response

to his own inquiry, but he chose to improvidently file this action rather than first

utilize such remedies as were both offered and requested." (Id. at 5.)

In response, Plaintiff contends that the Mason requirement of exhaustion

of administrative remedies does not apply to the whistleblower provision under

---

[1]Mason states in relevant part:

Compelling considerations exist for plaintiffs to exhaust administrative remedies prior to instituting a lawsuit. Administrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated. See Kross, 701 F.2d at 1244-45; Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir.1980) . In addition, imposing an exhaustion requirement in the ERISA context appears to be consistent with the intent of Congress that pension plans provide intrafund review procedures. 29 U.S.C.A. § 1133; see also H.R.Conf. Rep. No. 1280, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 4639, 5038, 5108.
We therefore hold that the district court did not err in holding that plaintiffs must exhaust their remedies under the pension plan agreement before they may bring their ERISA claims in federal court.
Mason, 763 F.2d at 1227.

AO 72A
(Rev.8/82)

which the Plaintiff seeks relief. (Dkt. No. [17] at 3.) Rather, such a requirement is reserved for plan participants seeking benefits under an ERISA plan. (Id.) As whistleblower rights are afforded to a person, not a plan member or benefit recipient, the Mason exhaustion doctrine does not apply. (Id. at 15-16.) Plaintiff seeks to distinguish his claim by asserting that "Section 510's whistleblower provision, however, has nothing to do with the calculation or payment benefits or with any other aspect of plan administration." (Id.) Plaintiff notes that no court has ruled on the application of the exhaustion requirement in a whistleblower claim. (Id. at 13.) Further, Plaintiff asserts that unlike Mason, this is a whistleblower case, "the focus of which is on discriminatory and retaliatory treatment of an employee entirely unrelated to the receipt of benefits, something for which the Plan provides no administrative recourse." (Id. at 17.) Therefore, Plaintiff contends that the exhaustion requirement is inapplicable. In the alternative, Plaintiff asserts that even if the exhaustion of remedies doctrine is applicable to this claim, it should be excused here because either the proposed remedy is futile and inadequate or the Plaintiff reasonably concluded that exhaustion was not required under the Plan.

Upon review, the Court finds that the Mason rule requiring exhaustion is the controlling doctrine before this Court. A plaintiff seeking a claim under ERISA's statutory provisions must demonstrate an exhaustion of administrative remedies prior to initiating a suit. Here, upon a review of the pleadings, the Court finds that the Plaintiff has not sufficiently plead an exhaustion of administrative remedies such that his suit would be appropriate. Although Plaintiff states generally that he has exhausted all available internal remedies, he further acknowledges that he is "currently taking steps to ensure that any administrative claims for profit sharing and pension rights are exhausted" and seeks to "reserve the right to file amendments to this Complaint needed to preserve or perfect his ERISA claim based on any allegations of failure to 'exhaust administrative remedies'". (Complaint, Dkt. No. [1] at ¶¶ 12-13.) By Plaintiff's own admission, there are administrative remedies with respect to his claim which have not been pursued. The Court finds that Plaintiff has not complied with the exhaustion requirement set forth in Mason.[2]

---

[2]Plaintiff asserts that Defendants' Motion to Dismiss has gone outside the pleadings and therefore must be viewed as a motion for summary judgment as to the issue of exhaustion. (Dkt. No. [17] at 11-12; McCoy v. Goord, 255 F.Supp.2d 233, 251 (S.D.N.Y.2003).) Accordingly, Plaintiff seeks to present all factual matter pertinent to the motion. To this argument, Defendants contend that the inclusion of undisputed

In addition, Plaintiff has not sufficiently demonstrated to the Court that any administrative remedy proposed by the Defendant would be futile, inadequate, or unavailable. The Court finds convincing the Defendant's argument that the "Bank was itself the plan administrator and employer, and as such, was fully empowered to reverse every aspect of every challenged act/omission about which Plaintiff complains in this lawsuit." (Dkt. No. [18] at 5.) Furthermore, Plaintiff's conclusion that exhaustion was not required based on the language of the summary plan description ("SPD") and his communications with the Bank is unreconciled with Plaintiff's admission in the Complaint that he was still seeking to exhaust administrative remedies. (Dkt. No. [17] at 19.) The Plaintiff is therefore not excused from exhausting administrative remedies either due to futility, inadequacy of the remedy, or the Plaintiff's conclusion that exhaustion was not required. Accordingly, the Court finds that Defendants' Motion to Dismiss [11] is **GRANTED** as to Plaintiff's ERISA claim (count I).

---

correspondence related to the exhaustion of administrative remedies does not convert a motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56. (Dkt. No. [18] at FN 1.) As the Court's ruling on the issue of exhaustion is largely grounded on Plaintiff's failure to plead exhaustion in the Complaint, the Court declines to convert the Defendants' Motion to Dismiss into a motion for summary judgment.

8

Furthermore, the dismissal of Plaintiff's ERISA claim necessitates that Plaintiff's state law claims (counts II-VI) fail for lack of subject matter jurisdiction as there remains no basis for supplemental or ancillary jurisdiction under 28 U.S.C. § 1367. Defendants' Motion to Dismiss is further **GRANTED** as to Plaintiff's state law claims. Therefore, Plaintiff's Complaint [1] is **DISMISSED, without prejudice**.[3]

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [11] is **GRANTED** as to Plaintiff's claims.

**SO ORDERED** this  21st  day of January, 2009.

*[signature]*

**RICHARD W. STORY**
United States District Judge

---

[3]Based on the foregoing ruling, the Court need not address Defendants' subsequent arguments addressed in the motion to dismiss.

AO 72A
(Rev.8/82)